**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JIMMY DALE MAYHAN (# 121165)**                                   **PETITIONER**

**v.**                                                                             **No. 2:10CV41-P-A**

**RONALD KING, ET AL.**                                                            **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jimmy Dale Mayhan for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and Mayhan has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Jimmy Dale Mayhan is in the custody of the Mississippi Department of Corrections and currently housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. Mayhan pled guilty in April 2006 to one count of fondling in the Circuit Court of DeSoto County, Mississippi.[1] State Court Record (S.C.R.), Vol. 2, pp. 1-29. Shortly after his plea – and prior to the sentencing hearing – Mayhan hired new counsel, who moved to set aside Mayhan's plea. The trial court conducted a hearing on Mayhan's motion to set aside the plea and ultimately denied Mayhan's request, finding that Mayhan had understood the charges and rights he was waiving and made an informed decision to proceed with his plea of guilty. S.C.R. Vol. 2, pp. 30-55. The court then conducted a sentencing hearing on the charge at issue. S.C.R. Vol. 2,

---

[1]Three additional counts of fondling were retired to the files in exchange for Mayhan's plea. *Mayhan v. State,* 26 So. 2d 1072, 1074 (Miss. Ct. App. 2009), *reh'g denied,* October 27, 2009, *cert. denied,* February 4, 2010 (Cause No. 2007-CP-01078-COA).

pp. 55-84. On June 13, 2006, Mayhan was sentenced to serve ten years in the custody of the Mississippi Department of Corrections with five years of post-release supervision. S.C.R. Vol. 1, pp. 61-64. Mayhan then filed a "Motion for Relief Under the Mississippi Uniform Post-Conviction Collateral Relief Act/Motion to Vacate Judgment and Sentence" in the DeSoto County Circuit Court. S.C.R Vol. 1, pp. 4-21. On September 10, 2007, the DeSoto County Circuit Court denied Mayhan's motion, finding the issues to be without merit. S.C.R. Vol. 1, pp. 23-27, 36. On September 19, 2007 Mayhan, proceeding *pro se*, filed a notice of appeal from the lower court's ruling. *Id.* at p. 37.[2] On appeal, Mayhan filed the Brief of Appellant, *pro se*, and raised the following issues for the court's review (as stated by Mayhan):

> A. Ineffective assistance of counsel during pretrial.
>
> B. Mayhan's plea was not given voluntary and intelligently.
>
> C. Trial court did abuse its discretion in entering a plea of guilty in Mayhan's case.
>
> D. Circuit Court of DeSoto County abused its discretion in the summary dismissal of Mayhan's post-conviction motion.

On June 16, 2009, the Mississippi Court of Appeals affirmed the lower court's denial of post-conviction relief. *Mayhan v. State,* 26 So. 2d 1072 (Miss. Ct. App. 2009), *reh'g denied,* October 27, 2009, *cert. denied,* February 4, 2010 (Cause No. 2007-CP-01078-COA).

Mayhan filed the instant petition for a writ of *habeas corpus* in this court on March 22, 2010, presenting the following claims (as stated by petitioner):

---

[2]On October 3, 2007, after Mayhan had filed the notice of appeal *pro se*, Mayhan's counsel filed a "Motion for Rehearing/Reconsideration" of the court's order denying post-conviction relief. S.C.R. Vol. 1, pp. 48-51.

**Ground One** - Petitioner was denied the effective assistance of trial counsel. The day before trial began, petitioner and counsel had a conference. It was apparent that counsel had not prepared for trial. Trial counsel was adamant that petitioner enter a plea of guilty. Petitioner asserted to counsel that he wanted to go to trial and prove his innocence. Counsel stated that petitioner could not win in a trial and promised petitioner a specific sentence for his guilty plea. Petitioner was induced to plead guilty but still did not receive the asserted sentence

**Ground Two** - Petitioner's plea was not given voluntarily and intelligently. As part of the inducement to enter a Alford's plea (guilty), counsel asserted to petitioner that if he went to trial, he would lose and be sentenced to life imprisonment. Counsel further asserted to petitioner that if he would enter a guilty plea under the Alford's doctrine, that in exchange for his guilty plea, he would receive a sentence of probation and a fine. Because this sentence was not to be imposed, the court should not have accepted petitioner's guilty plea.

**Ground Three** - The trial court abused its discretion by entering the guilty plea in petitioner's case. The trial court should not have entered petitioner's guilty (*Alford*) plea when it was apparent that petitioner did not wish to enter the plea. Further, the trial court failed to make the prerequisite factual basis for the plea. The record reflects that the trial court did not have petitioner give even a similitude of a factual basis for entering the guilty plea.

**Ground Four** - The trial court abused its discretion in dismissing petitioner motion for post-conviction relief. The trial court abused its discretion in the summary dismissal of the motion for post-conviction relief without conducting an evidentiary hearing. Wherein petitioner supplies identities of witnesses to testify at the evidentiary hearing (not held) to attest to the ineffective assistance of trial counsel .

### Ground Four: Based Entirely on State Law

Mayhan argues in Ground Four that the trial erred in dismissing his motion for post-conviction relief without conducting an evidentiary hearing. The claim raised in Ground Four is an issue grounded solely in state law and was resolved – entirely on state law grounds – by the Mississippi Court of Appeals during review of Mayhan's application for post-conviction relief. A state's interpretation of its own laws or rules provides no basis for federal *habeas corpus* relief because the issue does not involve the Constitution, laws, or treaties of the United States.

*Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). Federal appellate courts "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Federal courts may review a state conviction through *habeas corpus* only when the conviction was obtained in violation of a constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A state court's decision regarding the propriety of a post-conviction evidentiary hearing is an issue of state law only; as such this court has no jurisdiction to decide the matter. Therefore, Mayhan's claim in Ground Four of the present petition for a writ of *habeas corpus* will be dismissed.

### Grounds One, Two, and Three:
### Decided on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, and Three on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to

questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, and Three of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection

(d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds One and Two: Ineffective Assistance of Counsel

The basis for Mayhan's claims in Grounds One and Two is ineffective assistance of counsel. To prove ineffective assistance of counsel, Mayhan must show that counsel's performance during the criminal proceeding was deficient – and that the deficient performance caused prejudice to his legal position. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Grounds One and Two: Counsel Was Not Prepared for Trial and Induced Mayhan to Plead Guilty

As an initial matter, Mayhan's allegations that counsel did not conduct a pretrial investigation is conclusory. Mayhan has not alleged what additional investigation or preparation should have been undertaken by counsel, what such an investigation would have revealed, or

how more investigation or preparation might have altered the ultimate outcome of the case – Mayhan's decision to plead guilty. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal *habeas* proceeding." *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002) . By raising only a conclusory allegation in part of Ground One, Mayhan has not set forth a valid claim for federal *habeas corpus* review. For this reason alone, Ground One of the instant petition should be dismissed.

In addition, the claims in Grounds One and Two fail for want of substantive merit, as the record in this case shows that counsel was prepared – and the petitioner knew very well the maximum *and minimum* penalties he might face upon pleading guilty. S.C.R. Vol. 2, p. 17-18. Indeed, during the plea hearing, Mayhan's counsel stated on the record that he had ample time to investigate the case and discuss the charges with Mayhan. Counsel stated that he had worked up the case "for, I want to say, eight months, possibly longer than that, and we have met. We have talked. We have reviewed all of the evidence." S.C.R. Vol. 2, p. 14. Mayhan did not contradict his attorney on this point, and nothing in the record supports Mayhan's claim that counsel was not prepared for trial.

Mayhan's claim in Grounds One and Two that counsel promised him a specific sentence (a probation and a fine) and did not inform him of the consequences of pleading guilty is likewise without merit. Mayhan claims that his attorney told him he would be sentenced to life imprisonment if he went to trial, but would receive only a probation and a fine if he pled guilty. Nothing in the record supports this claim. However, even if Mayhan's attorney had offered such advice, the statement about life imprisonment being the maximum sentence is true (given

Mayhan's age at sentencing and the sixty-year maximum sentence), and the court corrected any misperception Mayhan might have had regarding the minimum sentence for the charge.

The plea agreement itself, as well as the testimony at the plea hearing and the hearing on Mayhan's motion to vacate, clearly reflect that Mayhan was advised of the sentence he faced upon entering a plea of guilty, as well as the potential sentence that would be imposed in light of a conviction on four counts of fondling. Mayhan signed a plea agreement clearly setting forth all the information Mayhan needed to make a rational decision about his plea. His plea was an open *Alford*[3] plea to one of the four counts of fondling as stated in the indictment, and the remaining three counts were passed to the files in exchange for his plea. He also signed a "Petition to Enter Plea of Guilty Pursuant to *North Carolina v. Alford*," which set forth both the charge and the potential sentence for his crime – and the terms of his plea agreement with the State. The recommendation of the district attorney in the plea agreement was: "OPEN PLEA TO COUNT 4 WITH A TEN (10) YEAR CAP; STATE WILL REMAND COUNT 1, COUNT 2, COUNT 3." The petition also made clear that *the agreement was not binding on the court* and that the court had the authority to sentence Mayhan as if he had been found guilty by a jury. *Id.* Finally, the agreement made clear that no one had made any promises or inducements of any kind regarding a lighter sentence or leniency and that Mayhan had not been "beaten, threatened, mentally or physically forced, intimidated or coerced in any manner to plead guilty to the crime charged against [him]." As Mayhan reviewed and signed this agreement, his present allegation that he misunderstood the agreement is not credible.

The nature and terms of the agreement were also thoroughly reinforced during Mayhan's

---

[3]*See North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

plea hearing. There the judge discussed the terms set forth in the plea petition signed by Mayhan. Mayhan stated on the record that he had read the plea petition, understood what he read and that everything in the petition was true and correct. S.C.R. Vol. 2, p. 8. The trial judge then explained the plea to Mayhan, and he stated that it was in his best interest to plead guilty based on counsel's advice. *Id.* at p. 11. The prosecutor set forth the proof the State would present at trial. *Id.* at pp. 11-13. The trial judge also discussed all the rights Mayhan would waive if he pled guilty – then engaged Mayhan in a discussion about his plea. *Id.* at pp. 15-19. The court also informed him of the maximum sentence that could be imposed, as well as the mandatory minimum sentence. *Id.* at p. 17-18. Mayhan admitted on the record that the only promised made to him were that the State would retire the three other counts to the file – and that the State sought for a maximum ten-year sentence. *Id.* at p. 20. Mayhan also testified that no one had threatened or coerced him into pleading; rather, he "just decided that would be the best way to go." *Id.* He told the trial court that counsel believed there was a "90 percent chance of losing and this would be the best way to go." *Id.* He then entered a plea of guilty to fondling as charged in Count IV of the indictment, and the trial judge accepted that plea. *Id.* at pp. 21-26.

Jimmy Dale Mayhan faced fifteen years' incarceration one each of the four counts of fondling – totaling a maximum sixty years in prison. He was fifty-five years old when he was sentenced; thus, if the court imposed the maximum sentence, Mayhan would be 115 years old upon his release, if he reached that advanced age. The court knows of no one reaching that age in the harsh environments found in prison. If counsel told Mayhan he could well face life in prison, such advice was reasonable given the charges against him. The both the trial court and the state appellate court made the same – reasonable – determination. Further, as the trial court

made clear at sentencing, each count of fondling carries a minimum sentence of two years in prison, MISS. CODE ANN. § 97-5-23(1); as such, if Mayhan's counsel told him he would receive only probation, the trial court corrected that error, and Mayhan stated on the record that he understood. For these reasons, the state court's decision on this issue was reasonable in both fact and law, and Mayhan's claims in Grounds One and Two of the instant petition will be denied for want of substantive merit.

### Ground Three: The Trial Court Should Not Have Accepted Mayhan's Plea, As Mayhan Did Not Wish to Enter the Plea, and There Was No Factual Basis for the Plea

This claim will also be denied for want of substantive merit. Mayhan claims that the trial court should not have accepted the plea since it was "apparent that petitioner did not wish to enter the plea." Mayhan also argues that the trial court did not ensure that a factual basis supported Mayhan's plea. ECF Doc. 1, p. 8. Both of these allegations are belied by the record.

The Mississippi Court of Appeals discussed this issue and held that, though the trial court acknowledged on post-conviction that Mayhan was hesitant in entering his plea, "the record reflects that the trial court explained to Mayhan several times that he could proceed to trial if he wished. Mayhan assured the trial court that he thought it was in his best interest to enter a guilty plea and declined to go to trial." *Mayhan,* 26 So. 3d at 1077. The court of appeals thus found that the trial court properly accepted Mayhan's plea.

The court of appeals also reviewed Mayhan's allegation that the trial court failed to establish a factual basis for his plea. The court noted that during the guilty plea hearing, the State laid out the facts it intended to prove at trial to establish Mayhan's guilt of the crimes charged. At the plea hearing, the prosecutor stated into the record that the State "was prepared to

prove that between June 1, 2004, and July 30, 2005, Mayhan fondled a seven-year old child on numerous occasions. The State was prepared to present two witnesses - a forensic psychologist, who interviewed the child, and a family friend who learned of the abuse from Mayhan's wife." *Mayhan,* 26 So.3d at 1077; *see also* S.C.R. Vol. 2, pp. 11-12. The prosecutor added:

> [T]he child was kept by Kim Mayhan, the Defendant's wife, over a period of time. The child states that numerous incidences of fondling occurred; some at his house, some in his truck. He is an over-the-road truck driver. She describes one incident that occurred in the back part of his truck where there is a bed, and basically she states that he rubbed on her. On one occasion, he had her rub his private part. She recalls one specific incident which occurred in December of '04 in his truck. She maintains that she told her Mamaw, that is Kim about the incident. Kim denies that she was told about the incident, but Jessica Gatlin would testify that Kim called her back in December of '04 and reported it to Jessica as well. So there is corroboration there for what the child says occurred.

S.C.R. Vol. 2, p. 13. Further, the prosecutor stated that these incidents occurred within the jurisdiction of the court. *Id*. Finally, although Mayhan denied these incidents occurred, he entered an *Alford* plea, thus consenting to a prison sentence. *Mayhan,* 26 So. 3d at 1077.

As such, despite Mayhan's claim that there was no factual basis for his plea, the prosecutor entered a detailed factual basis into the trial record – a factual basis more than adequate to support Mayhan's guilty plea. The trial judge also determined that Mayhan understood the plea and its consequences. Therefore, the state court's decision rejecting Mayhan's claim in Ground Three was neither contrary to, nor an unreasonable application of, clearly established federal law. As such, Mayhan's claim in Ground Three of the instant petition for a writ of *habeas corpus* will be denied.

**Mayhan's Affidavits Regarding Conversations with Trial Counsel**

A petitioner may seek *habeas corpus* relief based upon an attorney's unfounded promise, despite its inconsistency with representations made at the plea hearing, by proving: "(1) the exact terms of the alleged promise, (2) exactly when, where and by whom the promise was made and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (citations omitted). The petitioner must also produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [to be] entitled to an evidentiary hearing on the issue." *Id.* Nonetheless, if the bulk of the petitioner's proof is inconsistent with his conduct "or otherwise fails to meet [his] burden of proof in light of the other evidence in the record," then no evidentiary hearing is necessary. *Id.*

In this case Mayhan alleges that counsel promised a specific sentence – probation and a fine. As discussed above, however, the plea agreement, plea petition, and plea hearing transcript make clear that the State recommended a cap on Mayhan's sentence of *ten years* to serve – a fact inconsistent with Mayhan's purported understanding. In addition, during the plea colloquy, the trial judge ensured that Mayhan was aware of the sentence he was facing – and the sentence that the State had recommended. Mayhan also alleges that counsel told him that, if he went to trial, he would lose and be sentenced to prison for the rest of his life.

**Effect of Six Affidavits Mayhan Has Proffered**

Mayhan offers six affidavits to support these allegations. The affidavits are by Mayhan, his wife, his sister and brother-in-law, a friend of ten to twelve years, and another female who did not identify her relationship with Mayhan. Of the six affidavits, only two (those signed by

Mayhan and his wife) purport to be first-hand knowledge of the conversation between Mayhan and counsel. The remaining four are hearsay, recounting what Mayhan told family members and friends concerning the conversations with counsel.

These affidavits were not properly before the state court and, as such, are not available for this court to consider. These affidavits were never provided to the trial court in support of Mayhan's motion for post-conviction relief. S.C.R. Vol. 1, pp. 23-24, n.1; *see also Mayhan*, 26 So. 3d at 1076. In addition, the affidavits offered by Mayhan on direct appeal were not properly before the appellate court because he failed to present them to the trial court. *See Mayhan,* 26 So. 2d at 1078. Under the AEDPA, Mayhan must prove that his failure to produce this additional evidence in state court was not through his fault of fault of his counsel. Or, the fault was his, he must meet the requirements set forth in 28 U.S.C. § 2254(e)(2). *See Holland v. Jackson*, 542 U.S. 649, 650 (2004).

First, as set forth below, Mayhan, himself, failed to provide the affidavits at trial. Thus, he must rely upon section 2254(e)(2) as the vehicle to present the affidavits for this court to consider. Section 2254(e)(2) states:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State Court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>     (A) the claim relies on –
>
>         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B) the facts underlying the claim would be sufficient to establish by clear

and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Mayhan cannot meet any of these requirements. He cites no new rule of constitutional law, and he squandered repeated opportunities in the trial court to produce the affidavits in question. Indeed, the trial court stated in its order denying post-conviction relief that Mayhan, through counsel, was given additional time to supply the affidavits – but never did. S.C.R. Vol. 1, pp. 23-27. Further, counsel stated in his motion to reconsider that order that the affiants, Mayhan's friends and family, had delayed providing affidavits as promised. S.C.R. Vol. 1, p. 48. Finally, Mayhan cannot prove, as required in § 2254(e)(2)(B) that the new facts "would be sufficient to establish, by clear and convincing evidence, that but for constitutional error, no reasonable fact-finder would have found" him guilty of the underlying offence. Indeed, Mayhan himself admitted at the plea hearing that there was a ninety percent chance that he would be convicted if the case went to trial. S.C.R. Vol. 2, p. 20. The affidavits Mayhan offers touch not on Mayhan's guilt or innocence – only counsel's performance. As such, they do not meet the requirements of § 2254(e)(2)(B), and the court cannot consider them. Therefore, Mayhan is not entitled to have the affidavits admitted in this court. Hence, Mayhan's claim in Ground Three that counsel induced him to plead guilty will be denied.

Thus, for the reasons discussed above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 2nd day of August,

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE